UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------------X

IN RE WILBER A. PENADO

-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**  
24-CV-05935 (JMA)

**AZRACK, United States District Judge:**

This appeal arises out of the bankruptcy of Wilber A. Penado ("Debtor") in <u>In re Wilber A Penado</u>, No. 8-23-74811-reg (Bankr. E.D.N.Y.) ("Bankruptcy Action").[1] Appellant Roger Rowe appeals Bankruptcy Judge Robert E. Grossman's orders that denied Appellant's motions to vacate reopening the Bankruptcy Action and to quash a subpoena. (<u>See</u> ECF No. 1.) For the reasons explained below, the appeal is DISMISSED for lack of subject matter jurisdiction.

I.      BACKGROUND

A.      **Commencement and Dismissal of the Bankruptcy Action**

Debtor commenced the Bankruptcy Action by filing a voluntary Chapter 13 bankruptcy petition. (Bankruptcy Action, ECF No. 1.) Trustee Michael J. Macco filed a motion under 11 U.S.C. §§ 109(g), 521, 1307(c) to dismiss the Bankruptcy Action and bar Debtor from maintaining another Chapter 13 bankruptcy action for 180 days because Debtor's five previous bankruptcy petitions in the prior four years were all dismissed. (<u>See</u> Bankruptcy Action, ECF No. 6 ¶¶ 2-3.) Judge Grossman granted the motion. (Bankruptcy Action, ECF No. 9.)

B.      **Debtor's Motion to Vacate Dismissal**

Debtor filed a twenty-three page motion to vacate dismissal of the Bankruptcy Action. (Bankruptcy Action, ECF No. 13.) In doing so, Debtor certified under penalty of perjury that he had "no assistance with preparation of" his motion, and he neither paid nor agreed to pay a non-attorney to help with his filing. (<u>Id.</u> at 18, 21.) The last page of Debtor's motion noted that a copy of it was sent to Appellant. (<u>Id.</u> at 23.)

---

[1]      Citations to the Bankruptcy Action docket bear that label before the given ECF number.

Judge Grossman held a hearing on Debtor's motion. (Bankruptcy Action, ECF No. 17-1.) Appellant appeared and asserted he was a pro se "interested party" because he claimed to hold title to real property Debtor previously owned until it was foreclosed upon and sold four years earlier. (Id. 2:15-4:15.) Judge Grossman concluded that the court lacked jurisdiction over Appellant's asserted claim. (Id. 4:16-6:22; see id. 9:11-10:11.) When the court turned to Debtor's motion, Debtor asserted that his "English is not too good" and he confirmed he did not understand his own motion. (Id. 7:8-9, 8:12-19.) Judge Grossman encouraged Debtor to withdraw the motion given that circumstance and warned that Debtor could otherwise face consequences given his certification that he prepared the motion without assistance. (See id. 7:10-8:7, 10:12-11:12.) Debtor nonetheless insisted on "try[ing]" his motion. (Id. 11:13-15.)

Upon the court's inquiry, Debtor admitted that he cannot read English and that Appellant wrote Debtor's motion. (Id. 12:7-14:7.) Debtor could not recall Appellant's name, confirmed he did not understand the motion Appellant wrote, and stated that he only had "an idea" of what perjury means. (Id. 14:8-15:6; see also id. 17:10-11 (Debtor referring to Appellant as "this guy").) Debtor reported that he paid Appellant $5,000.00 to write the motion. (Id. 15:7-20, 16:2-5.) Debtor did so on the erroneous understanding that the motion would return to him ownership of the foreclosed property. (Id. 16:17-17:18.) Judge Grossman scheduled a follow-up conference and directed Appellant to identify himself to counsel for the U.S. Trustee. (Id. 17:19-20:6.)

C. **Limited Reopening of the Bankruptcy Action, Ongoing Discovery, and this Appeal**

At the next conference, at the request of the U.S. Trustee, Judge Grossman reopened the Bankruptcy Action "for the limited purpose of providing the United States Trustee and any parties-in-interest, an opportunity to investigate any alleged misconduct by the Debtor and/or Rowe in connection with this proceeding." (Bankruptcy Action, ECF No. 22.) Judge Grossman later

granted the U.S. Trustee's motion under Bankruptcy Rule 2004 for leave to subpoena Appellant to produce documents and appear for an oral examination. (Bankruptcy Action, ECF Nos. 26-27.)

Appellant moved to vacate the reopening of the Bankruptcy Action. (Bankruptcy Action, ECF No. 25.) Judge Grossman denied that motion. (Bankruptcy Action, ECF No. 32.) Appellant later moved to quash a subpoena he received from the U.S. Trustee. (Bankruptcy Action, ECF No. 31.) Judge Grossman denied that motion too ("Quash Denial"). (Bankruptcy Action, ECF No. 33 10:4-12:12.) Appellant filed this appeal of those decisions. (ECF No. 1 at 6.)

## II.     LEGAL STANDARDS

### A.     Subject Matter Jurisdiction

"[A] court's subject-matter jurisdiction defines its power to hear cases." Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82, 92 (2017); see Fort Bend Cnty. v. Davis, 587 U.S. 541, 548, (2019) (explaining that subject matter jurisdiction "delineat[es] the classes of cases" a federal court "may entertain"). That is, subject matter jurisdiction must exist for the Court to address the merits of a case. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). The Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." Hunter v. McMahon, 75 F.4th 62, 66 (2d Cir. 2023) (internal quotation marks omitted).

### B.     Appellant's Pro Se Status

Given his pro se status, the Court construes Appellant's submissions liberally and interprets them "to raise the strongest arguments that they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)). This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal

3

training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)). This liberal interpretation of Appellant's submissions, however, "does not exempt [Appellant] from compliance with relevant rules of procedural and substantive law." E.g., United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (similar).

### III.  DISCUSSION

This Court has subject matter jurisdiction over appeals of court orders in bankruptcy "cases and proceedings" that are (1) final judgments, orders, or decrees; (2) interlocutory orders concerning the timing to file a Chapter 11 plan; or (3) other interlocutory orders where the Court grants leave to file the appeal. 28 U.S.C. § 158(a). Applying that principle, the undersigned concludes that that the Court lacks jurisdiction over the instant appeal.

**A.  The Appealed Orders are not Final**

Jurisdiction over a bankruptcy appeal may exist as of right over "final" decisions. § 158(a)(1). "A bankruptcy case embraces an aggregation of individual controversies." Ritzen Grp., Inc. v. Jackson Masonry, LLC, 589 U.S. 35, 37, (2020) (internal quotation marks omitted). Thus, while "the usual judicial unit for analyzing finality in ordinary civil litigation is the case," finality in bankruptcy concerns the relevant "proceeding." Id. at 39 (internal quotation marks and brackets omitted). A district court must "define" the proceeding constituting the "appropriate procedural unit for determining finality." Id. at 42-43. The relevant proceeding here is the inquiry into Debtor and Appellant's conduct and the potential imposition of sanctions in the Bankruptcy Action. (See Bankruptcy Action, ECF No. 22); accord Blair v. Bestwall, LLC (In re Bestwall, LLC), 99 F.4th 679, 686 (4th Cir. 2024) (holding that the proceeding is the matter for which discovery is sought); Estate of Fontana v. ACFB Administração Judicial Ltda (In re Transbrasil

4

S.A. Linhas Aéreas), 860 F. App'x 163, 167-68 (11th Cir. 2021) (same); see also Worms v. Rozhkov (In re Markus), 78 F.4th 554, 563-66 (2d Cir. 2023) (describing bankruptcy court sanction powers).  A bankruptcy court decision is "final" when it "le[aves] nothing more for the Bankruptcy Court to do" in the proceeding.  Ritzen Grp., Inc, 589 U.S. at 47.

Under that standard, the denial of Appellant's motion to vacate the reopening of the Bankruptcy Action—in other words, the denial of Appellant's effort to close the Bankruptcy Action—was plainly interlocutory, not final.  See In re Gutierrez, No. 17-12775, 2020 WL 2216557, at *1-2 (S.D.N.Y. May 7, 2020) (holding that an order reopening a bankruptcy proceeding is interlocutory); Mount Sinai Hosp. v. Arana, No. 11-CV-5360, 2012 WL 3307357, at *3-4 (E.D.N.Y. Aug. 12, 2012) (same); In re Cutter, No. CV-05-5527, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006) (same).

The Quash Denial is likewise interlocutory, not final.  Both in the bankruptcy context and outside it, discovery orders "are not final orders" and "are not appealable unless the object of the discovery order refuses to comply and is held in contempt."[2]  Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet), 737 F.3d 238, 243 (2d Cir. 2013) (first citing Golan v. Am. Airlines, Inc. (In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001), 490 F.3d 99, 104 (2d Cir. 2007); and then citing Glotzer v. Stewart (In re S.E.C. ex rel. Glotzer), 374 F.3d 184, 188 (2d Cir. 2004)); accord In re Bestwall, LLC, 99 F.4th at 686; In re Transbrasil S.A. Linhas Aéreas, 860 F.

---

[2]  An exception to this rule applies for discovery orders that "are ancillary to a suit in another tribunal, such that there will never be a final resolution on the merits beyond the discovery relief itself" in the court that ruled on the discovery dispute.  In re Barnet, 737 F.3d at 244 (internal quotation marks and citation omitted); see Vera v. Republic of Cuba, 802 F.3d 242, 247 (2d Cir. 2015) (recognizing that this exception applies where discovery orders are issued "to benefit proceedings pending before other authorities").  That is not the case here, where Appellant must provide discovery for the ongoing proceeding in the Bankruptcy Action.  See, e.g., Vera, 802 F.3d at 247 (holding that a court order requiring discovery was not final because it was part of a pending case before the issuing court); cf. United States v. Constr. Prods. Research, 73 F.3d 464, 469 (2d Cir. 1996) (holding that a court order compelling production of discovery for a proceeding before an administrative agency was final because there was no "further judicial inquiry" for the court (quoting Cobbledick v. United States, 309 U.S. 323, 330 (1940)).

App'x at 167-68.  Consequently, "courts have routinely found that bankruptcy court orders granting or denying discovery are not final for the purposes of an appeal to a district court." Golden v. Pennsylvania Higher Educ. Assistance Agency, No. 22-MC-01899, 2022 WL 3228261, at *4 (E.D.N.Y. Aug. 10, 2022) (quoting Hongkong & Shanghai Banking Corp. Ltd. v. Brandt, No. 17-cv-6672, 2017 WL 6729191, at *2 (S.D.N.Y. Dec. 29, 2017)) (brackets and ellipsis omitted); accord La Tierra Interiors, Inc. v. Wash. Fed. Sav. (In re Tullius), 500 F. App'x 286, 289 & n.8 (5th Cir. 2012) (collecting cases).  This case is no exception.

### B.     The Court Denies Leave to Bring this Appeal

Because the decisions appealed from were interlocutory, the Court may exercise jurisdiction over this appeal only after granting leave to bring it.  § 158(a)(3).  Appellant did not file a motion for leave to submit the Appeal.  (See ECF No. 1.)  Nonetheless, the Court will "treat the notice of appeal as a motion for leave."  Fed. R. Bankr. P. 8004(d); e.g., In re Delaney, 110 F.4th 565, 567 n.2 (2d Cir. 2024).   For the reasons discussed below, that motion is denied.

Section 158(a)(3) "does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders of bankruptcy courts." Barcelona Capital, LLC v. Neno Cab Corp., 648 B.R. 578, 586 (E.D.N.Y. 2023).  "To fill this gap, 'courts in this Circuit have invariably held that all appeals governed by Section 158(a)(3) should refer to the standards articulated by [28 U.S.C.] Section 1292(b) to determine whether leave to appeal should be granted.'"  Id. (quoting 2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp., No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021)) (cleaned up).  Under that provision, courts may "accept appeals of interlocutory orders only if 'the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the

litigation.'" Id. (quoting Osuji v. U.S. Bank, N.A., 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018)). "All three requirements . . . must be met for a Court to grant leave to appeal." Id. (quoting Segal v. O'Connell (In re Segal), 557 B.R. 46, 51 (E.D.N.Y. 2016)) (brackets omitted). When considering these requirements, "the Court must be mindful of the foundational principle that 'interlocutory appeals are strongly disfavored in federal practice.'" Id. (quoting Osuji, 285 F. Supp. 3d at 558). "[G]ranting leave for an interlocutory appeal represents extraordinary relief as only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Id. (internal quotation marks omitted). For that reason, "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." Goldberg v. UBS AG, 690 F. Supp. 2d 92, 102 (E.D.N.Y. 2010) (quoting Morris v. Flaig, 511 F. Supp. 2d 282, 314 (E.D.N.Y. 2007)).

Appellant fails to satisfy the first requirement for granting an interlocutory appeal. The requisite question of law "refer[s] to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." SEC v. Ripple Labs, Inc., 697 F. Supp. 3d 126, 132 (S.D.N.Y. 2023) (quoting Youngers v. Virtus Inv. Partners Inc., 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017)). Appellant identifies no question of law with respect to the Quash Denial or the denial of his motion to vacate the reopening of the Bankruptcy Action. (See ECF No. 1 at 6.) Moreover, reviewing those decisions would require the Court to study the record to assess the factual components of Appellant's underlying motions. (See Bankruptcy Action, ECF No. 25 (Appellant's motion to vacate reopening the Bankruptcy Action due to others' alleged fraud and perjury); Bankruptcy Action, ECF No. 31 (Appellant's motion to quash the subpoena directed to him based in part on the supposed lack of "evidence that I acted [as] or told someone that I was an attorney").) Consequently, district court review is unavailable for this interlocutory appeal. See

7

In re Gutierrez, 2020 WL 2216557, at *2 (concluding that an appeal of an order reopening a bankruptcy case did not involve a pure question of law); Golden, 2022 WL 3228261, at *6 (concluding that an appeal of a bankruptcy discovery order did not involve a pure question of law).

Appellant likewise falls short on the second requirement for granting an interlocutory appeal. "The second prong, requiring a substantial ground for difference of opinion, is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." Osuji, 285 F. Supp. 3d at 558 (internal quotation marks omitted); see also In re Joe's Friendly Serv. & Son, Inc., 628 B.R. 181, 186 (E.D.N.Y. 2021) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."). Appellant failed to argue, let alone demonstrate, that his appeal concerns either circumstance that may constitute a substantial ground for difference of opinion. Appellant simply contends that the decisions he challenges were incorrect. (ECF No. 1 at 6.) But "merely claiming that a court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." Golden, 2022 WL 3228261, at *6 (quoting Osuji, 285 F. Supp. 3d at 559). Appellant failed to demonstrate that leave to pursue his interlocutory appeal is warranted. See id. (concluding that the appellant failed to show that a bankruptcy discovery order involved a substantial ground for a difference of opinion); In re Gutierrez, 2020 WL 2216557, at *2 (concluding that the appellant failed to show that an order reopening a bankruptcy case involved a substantial ground for difference of opinion).

## IV.  CONCLUSION

For the reasons stated above, this appeal is DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is respectfully directed to close this case and mail a copy of this Memorandum & Order to Appellant and Debtor at their respective addresses of record.

Although Appellant paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: September 5, 2024
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE